UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01501-WYD

KIMBERLY B. MEDINA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Verified Motion for an Award of Reasonable Attorney's Fees filed November 23, 2009. The motion requests fees under the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412, in the amount of $12,042.65 for 85.75 hours of time (63.05 hours of attorney work at an hourly rate of $173.00, totaling $10,907.65) and 22.7 hours of paralegal work at an hourly rate of $50.00, totaling $1,135.00). Plaintiff attaches documentation to her motion that supports the fees. A response was filed by the Commissioner on December 8, 2009, and a reply was filed on December 16, 2009.

Turning to my analysis, the EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Issues of prevailing party status, substantial justification and the hourly rates sought in the motion are not disputed in this

case by Defendant. Instead, Defendant opposes Plaintiff's motion on the ground that special circumstances exist that make the full award of fees unjust.

Defendant argues in that regard that this Court remanded the case for the same reasons addressed in Defendant's voluntary motion to remand filed at the outset of the case, which was opposed by Plaintiff, and that Plaintiff did not obtain additional benefit by contesting the motion and by expending additional hours on supplemental pleadings. In other words, Defendant contends that Plaintiff's rejection of Defendant's voluntary request to remand was unreasonable when viewed in light of the result obtained, and that Plaintiff should not be compensated for legal expenses that she brought on herself. As a result, Defendant argues that the Court should not award Plaintiff the full amount of EAJA fees sought in her motion.

Additionally, Defendant objects to the amount of fees requested as excessive. Specifically, it is argued that Plaintiff has not made a "good faith effort" to exclude from her fee request hours that are redundant, excessive, or otherwise unnecessary. It is argued in that regard that Plaintiff seeks redundant fees as she uses the same argument and verbatim language in two different pleadings (Plaintiff's Opening Brief and her Partial Motion for Summary Judgment) and requests compensation for both. Thus, it is argued that Plaintiff's counsel is "double billing" for duplicative work.

Defendant also asserts that Plaintiff should not be compensated for any fees related to her discovery requests because such requests are not permitted in Social Security appeals. Likewise, Defendant argues that the time spent by a paralegal (22.7 hours) is excessive, and requests that the full amount of such hours not be awarded.

Finally, Defendant asserts that while the hourly rates claimed are reasonable based on the current consumer price index, the total number of hours claimed is not reasonable.

Turning to my analysis, I must determine whether the hours spent representing the Plaintiff were "reasonably expended." *See Blum v. Stenson*, 465 U.S. 886, 901 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); see also 28 U.S.C. § 2412(d)(2)(A). "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)). In making this determination, the court should "examine hours allotted to specific tasks." *Ramos*, 713 F.2d at 554.

I find address the fact that Plaintiff opposed Defendant's voluntary motion to remand and Defendant's argument that this should result in a reduction of hours. I reject this argument. As noted by Plaintiff, the voluntary remand proposed by the Commissioner (doc. # 19) was much more limited in nature than the Order of Remand that was ultimately issued by the Court. If Plaintiff would have agreed to the limited remand requested by the Commissioner, the Court could not have addressed and the remand would not have included the Court's directives concerning the Commissioner's failure to properly weigh the treating physician's opinions and other medical evidence, including opinions about Plaintiff's psychological impairments and nonexertional limitations, the ALJ's conclusory credibility findings, the ALJ's improper substitution of his own lay opinion regarding the medical evidence, the ALJ's inappropriate reliance on the "Grids" given the nonexertional impairments noted in the record, and the Appeals

Council's failure to fulfill its regulatory duty to evaluate the entire record. As a result, Plaintiff will now obtain the benefit of a much more expansive analysis and appropriate consideration than would have resulted if remand had proceeded as requested by Defendant. Thus, Defendant's argument that Plaintiff received no additional benefit from her pleadings filed after the voluntary motion to remand is without merit.

The case relied on by the Commissioner in support of its argument regarding the remand issue, *Williams v. Bowen*, No. 85-C-2653, 1987 WL 10559 (N.D.Ill., May 5, 1987) is an unpublished opinion that has no precedential value. Further, it is distinguishable from this case. In *Williams*, unlike in this case, the remand requested by the defendant was to give the ALJ the opportunity to reconsider the evidence under new mental impairment regulations. Plaintiff in this case resisted the restricted remand requested by the Commissioner because she sought the Court's opinion concerning the multiple errors committed by the ALJ, and because she needed the Court's directives to the Administration concerning those errors. Further, according to Plaintiff she believed that she had a reasonable chance of obtaining benefits from the Court given the thorough medical and psychological documentation of record concerning her limitations.

I now turn to the issue of whether Plaintiff seeks redundant or excessive hours. I have considered all of Defendant's arguments and find that a reduction in fees is appropriate. There is some redundancy between the motion for partial summary judgment and the opening brief, although I do not find this to be significant. I also find that the total amount of time requested of 83.75 hours is more than courts have noted is the average amount of time spent on a social security case. *See Hayes v. Sec. of Health and Human Servs*, 923 F.2d 418, 422 (6th Cir. 1990) (noting the district court's

conclusion that 30 to 40 hours was the average amount of time spent on a social security case); *DeGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (concluding in social security cases that compensated hours generally range from twenty to forty hours).

In this case, Plaintiff seeks compensation for time incurred by both her counsel and his paralegal—63.05 hours of attorney work and 22.7 hours of paralegal work.) Here, even the hours incurred by counsel exceed the average range of hours approved by a number of district courts. See *Carlson v. Astrue*, 500 F. Supp. 2d 1174, 1177 (D. Kan. 2007) (53.25 hours was reasonable); *Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (45.5 hours not excessive); *Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (48.2 hours reasonable); *Elzey v. Chater*, 927 F. Supp. 1436, 1437 (D. Kan. 1996) (45 hours approved).

I thus have examined the actual hours billed by counsel and his paralegal to determine whether and to what extent they may be excessive. I find that the hours incurred by counsel should be reduced from 63.05 hours to 50 hours (resulting in a reduction from $10,907.65 to $8,650.00, a difference of $2257.65). I also find that the time expended by the paralegal on administrative tasks is excessive. I have reduced those hours from 22.7 hours to 15 hours (resulting in a reduction from $1,135.00 to $750.00, a difference of $385.00). The total amount of fees awarded is $9,400.00. It is therefore

ORDERED that Plaintiff's Verified Motion for an Award of Reasonable Attorney's Fees filed November 23, 2009 is **GRANTED IN PART AND DENIED IN PART**. It is

**GRANTED** as to the request for an award of fees but **DENIED** as to the request for fees in the amount of $12,042.65. Instead, Plaintiff is awarded fees in the amount of $9,400.00.

Dated: March 26, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge